OPINION. Black, Judge: The question in this proceeding is how the receipt by petitioner of the $14,644.20 from RCA should be treated for tax purposes. The parties agree that the payment was not a gift, which eliminates the necessity for any consideration or discussion along that line. Petitioner contends that the payment should be considered as a part of the “amount realized” in the determination of gain or loss from the sale of his Bronxville home, as that term is used in section 111 (a) and (b) of the Internal Revenue Code.[1] The respondent contends that the payment in question was in fact and in law additional compensation for services rendered to RCA by petitioner and constituted taxable income to petitioner under section 22 (a) of the Internal Revenue Code, as amended.[2] The question becomes material only because of the settled proposition that an individual may not deduct a loss sustained from the sale of his personal residence not used for business purposes. See Heiner v. Tindle, 276 U. S. 582. Therefore, if the receipt by petitioner of the $14,644.20 should be considered as a part of the “amount realized” in the determination of gain or loss from the sale of his Bronxville home, then the result would be that petitioner realized neither gain nor loss from the sale of his home, for his adjusted basis[3] of $33,644.20 would equal exactly the total amount realized of $14,-644.20 received from RCA plus the net selling price of $19,000 received from the vendee. But if the receipt by petitioner of the $14,644.20 should be considered in fact and in law as additional compensation for services rendered to RCA by petitioner and not as a part of the amount realized in the determination of gain or loss from the sale of the home, then the result would be that the receipt of the $14,644.20 should be treated in the same manner as petitioner’s annual salary of $40,000 and petitioner would realize a loss from the sale of his residence of $14,644.20, which loss he would not be permitted to deduct from his gross income. We think the receipt by petitioner of the amount in question should be treated in the manner contended for by petitioner. The evidence clearly shows that the amount was paid to petitioner for the sole and only purpose of reimbursing him for the loss he sustained in selling his home so that he could move to Princeton and be subject to call at the RCA laboratories at any time of the day or night. Or, stated in another way, the evidence shows that petitioner was to sell his home for as much as he could get for it and that ECA would then add to that amount a sum sufficient to insure petitioner against any loss. The amount paid by ECA was never intended as additional compensation. The amount would never have been paid by ECA if petitioner had not sold his home or if he had sold his home for a net selling price of $33,644.20, or more, instead of $19,000. The agreement between petitioner and ECA was that petitioner was to change his residence to Princeton for the company’s convenience and that, if in so doing he had to sell his Bronxville home at a loss, ECA would reimburse him for the loss. The payment by ECA was definitely a part of the sale transaction. Suppose that petitioner had some kind of a policy of insurance which insured him against a loss from the sale of his private residence and under such a policy collected $14,644.20 to reimburse him for such loss, could it be contended that petitioner would have to return such $14,644.20 as a part of his gross income? We think not. Such $14,-644.20 would merely be a restoration of his capital and would not be taxable income. Of course, if the amount of $14,644.20 collected under such assumed circumstances should be more than enough to restore his capital, the remainder would be gain from the disposition of property. We are unable to see any distinction between the collection by petitioner of the $14,644.20 from ECA and a collection of it from an insurance company under the foregoing assumed circumstances. As previously stated, the respondent contends that the entire $14,-644.20 constituted additional compensation and taxable income to petitioner under section 22 (a) of the Internal Revenue Code, as amended. This section provides that “ ‘Gross income’ includes * * * income derived from * * * compensation for personal service * * * of whatever kind and in whatever form paid * * But it also provides that “ ‘Gross income’ includes gains, profits, and income derived from * * * sales, or dealings in property,” and section 111 of the code provides how such gains are to be determined. In view of our finding from the evidence that the payment by ECA was never intended as additional compensation, but was Only intended to be such an amount which, when added to the net selling price of petitioner’s home, would insure petitioner against any loss from the sale thereof, it is our opinion that the only proper way to treat the payment of $14,644.20 to-petitioner by ECA is to treat it as a part of the “amount realized” from the sale of petitioner’s Bronxville home, as that term is used in section 111, supra. It is apparent that, when the payment is so treated, petitioner realized neither gain nor loss from the sale and that, therefore, no part of the $14,644.20 should be included in petitioner’s gross income under section 22 (a) of the code. We so hold. Cf. James Brown, 10 B. T. A. 1036, 105A-1055; Cyrus S. Eaton, 37 B. T. A. 715 (issue 1); and David A. DeLong, 43 B. T. A. 1185. In the DeLong case we said: “There is no requirement of which we have been made aware that the sales price of an article can not be paid in whole or in part b;y one other than the vendee.” We see no reason why the total “amount realized” by petitioner from the sale of his Bronxville home should not include the $14,644.20 he received from RCA, as well as the $20,000 he received from the vendee. The respondent in his brief says the situation in which petitioner finds himself here is not unlike that existing in Old Colony Trust Co. v. Commissioner, 279 U. S. 716, and Levey v. Helvering, 68 Fed. (2d) 401. The taxpayers in those cases were reimbursed by their employers for the income taxes they were required to pay on their salaries and the question was whether such reimbursement was exempt as a gift or taxable as additional compensation for services rendered. It was held in both cases that the reimbursements were taxable as additional compensation. In those cases no reimbursements for losses in capital were being made by the employer which had resulted to the employee as a direct result of carrying out orders received from the employer. We do not think the fact situation in those cases is comparable with the fact situation in the instant proceeding, which, as previously stated, is simply whether the payment from RCA was intended as compensation or as an additional realization on the sale of petitioner’s home to insure petitioner against loss. We have found and we hold that it was the latter. Decision will l)e entered for the petitioner. SEC. 111. DETERMINATION OP AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS. (a) Computation of Gain or Loss. — The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom oyer the adjusted basis provided in section 118 (b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. (b) Amount Realized. — The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received. SEC. 22. GROSS INCOME. (a) General Definition. — “Gross income” includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * * The respondent makes no contention that petitioner’s adjusted basis of his Bronxville home was other than the 833,644.20 set out in the statement attached to his return. He does not dispute that petitioner suffered a loss of $14,644.20 on the sale for which he was reimbursed by RCA.